J. N. YEATES v. R. F. FORREST.

(Filed 14 September, 1910.)

Trespass—Injunction—Supreme Court Opinion—Surveys—Orders—
Procedure.

In an action of trespass involving a dividing line between plaintiff's and defendant's land, and asking for a restraining order, the Supreme Court having rendered and certified down its opinion in plaintiff's favor, it is not error for the subsequent trial judge to order the dividing line to be marked, and enjoining trespass upon plaintiff's land; but the cause should be retained until the court has received the surveyor's report, to afford opportunity for exceptions to be made to the line as actually marked.

CIVIL ACTION heard before *O. H. Allen, J.,* at May Term, 1910, of BEAUFORT. From the judgment rendered by his Honor the defendant appealed.

*Ward & Grimes* for plaintiff.
*Small, McLean & McMullan* for defendant.

MANNING, J. This case is reported in 152 N. C. The judgment of this Court having been certified to the Superior Court of Beaufort County, Judge Allen, at May Term, 1910, rendered, on motion of plaintiff's attorney, the following judgment: "This cause coming on for hearing upon the return of the certificate of the Supreme Court, affirming the former judgment in said cause, it is ordered and adjudged that the former judgment of this Court be declared the final judgment in this cause, and that the surveyor of the Court run and mark a line on the land in accordance with the judgment heretofore rendered, and the defendant be and he is hereby enjoined from trespassing across said line, and that this cause go off the docket, at the cost of the

defendant." The judgment from which the former appeal in
this case was taken by the defendant clearly and distinctly de-
fined the dividing line between plaintiff's and defendant's lands
as fixed by the verdict of the jury. This judgment was affirmed
by the Court. We can, therefore, see no objection to that part of
his Honor's judgment directing the surveyor appointed by the
Court to run and mark a line on the land in accordance with the
former judgment. This line had been defined on a plat and in
the judgment, and we do not see that any right of the defendant
could be invaded by having it marked on the land itself by either
artificial or natural objects. The verdict and judgment conclu-
sively determined not only plaintiff's title, but his right of pos-
session. The plaintiff, as a part of the relief prayed by him in
his original complaint, had asked for a restraining order, and
the judgment having conclusively determined that defendant was
trespassing upon land belonging to plaintiff, we can see no objec-
tion to that part of his Honor's judgment enjoining the defend-
ant from a continuance or resumption of his acts of trespass.
The power to protect its judgment from violation by the defend-
ant was within the power of the Court. No right of the defend-
ant was invaded and this was in aid of plaintiff's rights.

But that part of the judgment which directed the case to be
discontinued from the docket before the surveyor had made his
report that he had run and marked the exact line of division,
we think is properly subject to defendant's objection. The reason
is clear to us—the surveyor might not run and mark the proper
line, and the action should have been retained to receive the sur-
veyor's report and for an opportunity to either party to file ex-
ceptions to the running and marking the line as not the exact
and actual line of division. In view of this possible disagree-
ment, the case should not have been finally disposed of, but
should have been retained. We do not think any action should
be ordered discontinued from the docket of the Court until every
act commanded to be done has been performed and its perform-
ance passed upon by the Court. In directing this action to be
discontinued from the docket before the report of the surveyor
was received and passed upon, there is error. The defendant-ap-

pellant is entitled to recover the costs of the appeal. We notice the appellant has had printed the entire record in the former appeal. We think this clearly unnecessary and the costs of this part of the transcript and of its printing must be taxed against the appellant.